932 F.2d 968
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David E. MINIS, Petitioner-Appellant,
v.
STATE OF TENNESSEE, Respondent,
Gary Livesay, Warden, Respondent-Appellee.
 No. 90-6118.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1991.
 
 1
 Before KENNEDY and BOYLE F. MARTIN, JR., Circuit Judges, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 David E. Minis, a Tennessee prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination pursuant to Fed.R.App.P. 34(a), this panel unanimously agrees that oral argument is not necessary.
 
 
 3
 Following a jury trial, petitioner was convicted of armed robbery and sentenced to fifty-five years of imprisonment. The Tennessee Court of Criminal Appeals affirmed the conviction on direct appeal and the Supreme Court of Tennessee denied Minis's application for permission to appeal.
 
 
 4
 Thereafter, petitioner filed his habeas petition in the district court, alleging: (1) he was denied his right to a speedy trial under the sixth amendment of the United States Constitution, and (2) he was denied due process of the law because of prosecutorial misconduct.
 
 
 5
 After de novo review of the record in light of petitioner's objections, the district court adopted the magistrate's report and recommendation and dismissed the petition as frivolous. Minis subsequently has filed a timely appeal.
 
 
 6
 Upon review, we affirm the district court's judgment because the record shows that Minis received a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 7
 Minis's claim that he was denied his sixth amendment right to a speedy trial is meritless because he has not demonstrated that the delay was unnecessary or that he was prejudiced by it. See Payne v. Rees, 738 F.2d 118, 122 (6th Cir.1984). His prosecutorial misconduct claim fails because the prosecutor's conduct was not egregious so as to violate his due process rights to a fair trial. Donnelly v. DeChristoforo, 416 U.S. 637 (1974).
 
 
 8
 Accordingly, the district court's judgment is affirmed for the reasons stated in the magistrate's report and recommendation, as adopted by the district court order entered August 3, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, U.S. District Judge for the Southern District of Ohio, sitting by designation